IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

RICHARD J. McLAUGHLIN,      )
                                 )
          Plaintiff      )    Civil Action
                                 )    No. 13-cv-01926
          v.             )
                                 )
GRADY CUNNINGHAM, JR., and   )
BOROUGH OF FOUNTAIN HILL,    )
                                 )
          Defendants     )

\*    \*    \*

APPEARANCES:

    RICHARD J. ORLOSKI, ESQUIRE
        On Behalf of Plaintiff

    WENDI D. BARISH, ESQUIRE
    MEREDITH KIRSCHNER, ESQUIRE
        On Behalf of Defendant Grady Cunningham, Jr.

    MARK J. WALTERS, ESQUIRE
        On Behalf of Defendant Borough of Fountain Hill

\*    \*    \*

# O P I N I O N

JAMES KNOLL GARDNER
United States District Judge

      This matter is before the court on the Motion to

Dismiss by Defendant, Grady Cunningham ("Cunningham Motion to

Dismiss")[1]; and Defendant, Borough of Fountain Hill's Motion to

---

[1]     The Cunningham Motion to Dismiss was filed May 17, 2013 together with the Memorandum of Law in Support of Defendant, Grady Cunningham's Motion to Dismiss Plaintiff's Complaint ("Cunningham Memorandum").

Dismiss ("Fountain Hill Motion to Dismiss")[2]. For the reasons expressed below, I grant in part and deny in part both the Cunningham Motion to Dismiss and the Fountain Hill Motion to Dismiss.

## SUMMARY OF DECISION

This civil rights action arises from the alleged unprovoked physical beating which plaintiff Richard J. McLaughlin received from defendant Grady Cunningham, Jr. ("Officer Cunningham") on June 4, 2012 while plaintiff was handcuffed in a holding cell at the police station of defendant Borough of Fountain Hill ("Fountain Hill" or "the Borough").

Plaintiff asserts claims against both defendants pursuant to 42 U.S.C. § 1983.  Specifically, plaintiff claims that defendant Cunningham's conduct on June 4, 2012 constituted the use of excessive force in violation of the Fourth, Eighth, and Fourteenth Amendments of the United States Constitution (Count One).

Plaintiff further claims that defendant Fountain Hill is subject to municipal liability pursuant to Monell[3] and its progeny under official-policy, municipal-custom, and failure-to-train theories of liability (Count Two).

---

[2]       The Fountain Hill Motion to Dismiss was filed May 16, 2013, together with Defendant, Borough of Fountain Hill's Memorandum of Law in Support of Its Motion to Dismiss ("Fountain Hill Memorandum").

[3]       Monell v. Department of Social Services of City of New York, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

For the reasons expressed below, I grant the Cunningham Motion to Dismiss to the extent it seeks to dismiss plaintiff's Eighth Amendment claim because plaintiff was not a convicted and sentenced prisoner at the time of the incident in question.  However, I deny defendant Cunningham's motion in all other respects because plaintiff has stated a plausible excessive-force claim against defendant Cunningham under either the Fourth or Fourteenth Amendment.

Additionally, I grant the Fountain Hill Motion to Dismiss to the extent it seeks to dismiss plaintiff's claim of municipal liability against the Borough under official-policy and failure-to-train theories because plaintiff has not pled sufficient facts to support a plausible claim under either theory.  However, I deny the Fountain Hill Motion to Dismiss to the extent it seeks to dismiss plaintiff's claim of municipal liability under a municipal-custom theory because plaintiff has pled sufficient facts to state a plausible claim under that theory.

## JURISDICTION

Jurisdiction is based upon federal question jurisdiction pursuant to 28 U.S.C. § 1331.  Plaintiff brings his claims against both defendants under 42 U.S.C. § 1983.

**VENUE**

Venue is proper pursuant to 28 U.S.C. § 1391(b) because the events giving rise to these claims occurred in the Borough of Fountain Hill, Lehigh County, Pennsylvania, which is located in this judicial district.  See 28 U.S.C. §§ 118, 1391(b).

**PROCEDURAL HISTORY**

Plaintiff McLaughlin initiated this civil rights action on April 11, 2013 by filing his Complaint.  Defendant Cunningham and defendant Borough of Fountain Hill filed motions to dismiss plaintiff's claims against each of them in their entirety on May 17 and May 16, 2013, respectively, which motions, having been briefed by the parties, are now before the court for disposition.

**STANDARD OF REVIEW**

A claim may be dismissed under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted."  A Rule 12(b)(6) motion requires the court to examine the sufficiency of the complaint. Conley v. Gibson, 355 U.S. 41, 45, 78 S.Ct. 99, 102, 2 L.Ed.2d 80, 84 (1957) (abrogated in other respects by Bell Atlantic Corporation v. Twombly, 550 U.S. 544, 127 S.Ct. 1955,

167 L.Ed.2d 929 (2007)).  Generally, in ruling on a motion to dismiss, the court relies on the complaint, attached exhibits, and matters of public record, including other judicial proceedings.  Sands v. McCormick, 502 F.3d 263, 268 (3d Cir. 2008).

Except as provided in Federal Rule of Civil Procedure 9, a complaint is sufficient if it complies with Rule 8(a)(2), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief".  Rule 8(a)(2) does not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face.  Twombly, 550 U.S. at 570, 127 S.Ct. at 1974, 167 L.Ed.2d at 949.[4]

In determining whether a complaint is sufficient, the court must accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading, the plaintiff may be entitled to relief.  Fowler, 578 F.3d at 210 (citing Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008)).

---

[4]      The United States Supreme Court's Opinion in Ashcroft v. Iqbal, 556 U.S. 662, 684, 129 S.Ct. 1937, 1953, 173 L.Ed.2d 868, 887 (2009), states clearly that the "facial plausibility" pleading standard set forth in Twombly applies to all civil suits in the federal courts.  Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009).  This showing of facial plausibility then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged", and that plaintiff is entitled to relief. Fowler, 578 F.3d at 210 (quoting Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949, 173 L.Ed.2d at 884).

Although "conclusory" or "bare-bones allegations" will not survive a motion to dismiss, Fowler, 578 F.3d at 210, a complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits. Phillips, 515 F.3d at 231. Nonetheless, to survive a Rule 12(b)(6) motion, the complaint must provide "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." Id. at 234 (quoting Twombly, 550 U.S. at 556, 127 S.Ct. at 1965, 167 L.Ed.2d at 940) (internal quotations omitted).

The court is required to conduct a two-part analysis when considering a Rule 12(b)(6) motion.  First, the factual matters averred in the complaint, and any attached exhibits, should be separated from legal conclusions asserted.  Fowler, 578 F.3d at 210.  Any facts pled must be taken as true, and any legal conclusions asserted may be disregarded.  Id. at 210-211.

Second, the court must determine whether those factual matters averred are sufficient to show that the plaintiff has a "plausible claim for relief."  Id. at 211 (quoting Iqbal, 556 U.S. at 679, 129 S.Ct. at 1950, 178 L.Ed.2d at 884).

Ultimately, this two-part analysis is "context-specific" and requires the court to draw on "its judicial experience and common sense" to determine if the facts pled in the complaint have "nudged [plaintiff's] claims" over the line

-6-

from "[merely] conceivable [or possible] to plausible."  Iqbal,
556 U.S. at 679-680, 129 S.Ct. at 1949-1951, 178 L.Ed.2d
at 884-885.

A well-pled complaint may not be dismissed simply
because "it strikes a savvy judge that actual proof of those
facts is improbable, and that a recovery is very remote and
unlikely."  Twombly, 550 U.S. at 556, 127 S.Ct. at 1965,
167 L.Ed.2d at 940-941 (internal quotations omitted).

### FACTS

Taking all of the well-pled facts contained in the
Complaint as true, as I am required to do under the standard of
review applicable to a motion to dismiss, discussed above, the
facts of this case are as follows.

Plaintiff Richard McLaughlin is an adult individual
who resides in Allentown, Pennsylvania.  Defendant Grady
Cunningham, Jr., was, at all relevant times, a police officer
for defendant Borough of Fountain Hill, a municipal corporation
located in Lehigh County, Pennsylvania and organized under
Pennsylvania law.[5]

On June 4, 2012 plaintiff was arrested by defendant
Cunningham on the summary criminal offenses of Harassment,
Public drunkenness, and Disorderly conduct.  At that time,
defendant Cunningham took plaintiff into custody and handcuffed

---

[5]        Complaint at ¶¶ 1-4.

plaintiff's hands behind his back.  Defendant Cunningham then drove plaintiff to the Fountain Hill police station and locked him in a holding cell.[6]

At some later time on June 4, 2012, while plaintiff was confined in the holding cell with his hands still handcuffed behind his back, defendant Cunningham entered the holding cell with a loaded gun (plaintiff does not aver whether the gun was drawn or holstered) and proceeded to verbally and physically assault plaintiff.[7]  Specifically, defendant Cunningham shoved, punched, and slapped plaintiff in numerous parts of plaintiff's body.[8]

Defendant Cunningham did so in the presence of another police officer and the incident was captured on videotape.[9]  The tape was reviewed by defendant Cunningham's supervisors and it was abundantly clear to his supervisors that Officer Cunningham's conduct was outrageous.[10]

---

[6]        Complaint at ¶¶ 7-8.

[7]        Id. at ¶ 9.

[8]        Id. at ¶ 10.

[9]        Id. ¶¶ 9 and 12.

[10]       Id. at ¶ 12.

        In Plaintiff's Brief, he states that defendant Cunningham was "fired for the beating" and cites paragraph 12 of the Complaint in support of that factual proposition. (Plaintiff's Brief at page 6.)  However, paragraph 12 reads, in its entirety: "The incident was captured on video tape

                                    (Footnote 10 continued):

As the result of the assault by defendant Cunningham, plaintiff suffered permanent physical injuries and scarring, as well as mental pain and suffering, anguish, distress, and sleeplessness.[11]

At the time of the incident, defendant Borough had actual knowledge of defendant Cunningham's "propensity to use excessive force against others" and that he "otherwise abused his authority as a police officer."[12]  Defendant Borough had notice before June 4, 2012 that defendant Cunningham was "a rogue officer who could not be trusted."[13]

In addition, defendant Borough had a practice or custom "of covering up Officer Cunningham's abuses of authority as a police officer" and "failed to use...adequate discipline for prior derelictions of duty by defendant Cunningham, thereby...condoning misbehavior and implicitly encouraging it."[14]

---

(Continuation of footnote 10):

and it is abundantly clear after review of the tapes by his supervisors that Defendant's conduct was outrageous."  (Complaint at ¶ 12.)

While plaintiff does aver that defendant Cunningham's unidentified supervisors reviewed video footage of the incident and found defendant Cunningham's conduct outrageous, plaintiff does not aver in paragraph 12 (or anywhere else in his Complaint) that the Borough fired Officer Cunningham as a result of the June 4, 2013 incident.

[11]    Id. at ¶¶ 14-15.

[12]    Id. at ¶ 18.

[13]    Id. at ¶ 21.

[14]    Id. at ¶ 23.

## CONTENTIONS OF THE PARTIES

### Contentions of Defendant Cunningham

Defendant Cunningham seeks to have plaintiff's claim against him dismissed with prejudice in its entirety.[15] Specifically, defendant Cunningham contends that plaintiff has failed to sufficiently plead a claim that defendant Cunningham used excessive force against plaintiff in violation of the Fourth, Eighth, and Fourteenth Amendments.

More specifically, defendant Cunningham contends that plaintiff has failed to state a claim for violation of the Fourth Amendment and that claim should be summarily dismissed because the facts demonstrate that plaintiff was not a "free citizen" at the time of the incident and, thus, was not subject to Fourth Amendment protections at that time.[16]

Defendant Cunningham also contends that plaintiff's "institutional status" at the time of the incident will determine whether plaintiff's excessive force claim is properly brought under the Eighth or Fourteenth Amendment.[17]  Specifically, defendant Cunningham contends that the Fourteenth Amendment would govern plaintiff's excessive force claim if he were a pretrial detainee at the time of the beating, but the

---

[15]     Cunningham Motion to Dismiss at page 3, and proposed Order.

[16]     Cunningham Memorandum at pages 4-5.

[17]     Id. at page 5.

Eighth Amendment would govern that excessive force claim if plaintiff were a convicted-and-sentenced inmate at the time of the beating.[18]

Ultimately, Officer Cunningham contends that plaintiff has not pled sufficient facts to substantiate an excessive force claim under either the Fourth, Eighth, or Fourteenth Amendment and, therefore, Count One of plaintiff's Complaint should be dismissed.

Alternatively, defendant Cunningham contends that plaintiff should be required to re-plead his excessive force claim against defendant Cunningham with greater specificity.[19]

### Contentions of Defendant Borough of Fountain Hill

Defendant Borough of Fountain Hill seeks to have plaintiff's claim against it dismissed with prejudice in its entirety.[20]

Specifically, defendant Borough contends that plaintiff's municipal-liability claim pursuant to section 1983 should be dismissed because he has not sufficiently pled a claim for municipal liability based upon an official policy or

---

[18]        Cunningham Memorandum at page 5.

[19]        Id. at 6.

[20]        Fountain Hill Memorandum at page 6, and proposed Order.

-11-

municipal custom, or under a failure-to-train theory of liability.[21]

More specifically, concerning plaintiff's official-policy or municipal-custom claim, defendant Borough contends that plaintiff's Complaint does not provide factual averments showing (or supporting a plausible inference of) any decisions by the Borough's lawmakers, acts of policymaking officials, or specific practices or courses of conduct so persistent and widespread as to practically have the force of law.[22]

Concerning plaintiff's failure-to-train claim, defendant Borough contends that plaintiff has merely asserted, in a conclusory fashion, that the Borough "failed to use adequate training" and, has failed to provide any factual averments concerning (1) the way(s) in which the Borough's training was deficient; (2) how that deficiency, or those deficiencies, created an unreasonable risk that plaintiff would suffer an unprovoked beating; (3) the Borough's awareness of such unreasonable risk; and (4) the Borough's deliberate indifference to such unreasonable risk.[23]

---

[21]      Fountain Hill Memorandum at pages 4-7.

[22]      Id. at page 5.

[23]      Id. at page 7.

## **Contentions of Plaintiff**

Plaintiff contends that neither defense motion to dismiss should be granted in any respect.

With respect to the Cunningham Motion to Dismiss, plaintiff responds by quoting a lengthy excerpt from the Opinion of the United States Supreme Court in Graham v. O'Connor, 490 U.S. 386, 393-400, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989).[24] Plaintiff then argues that "[h]ere, the facts allege that that the officer arrested the Plaintiff for this summary offense, put him in handcuffs, hands behind his back, placed him in a holding cell and then beat him" and, therefore, "[o]bviously, Plaintiff has stated a complaint for 'excessive force.'"[25]

To the extent that plaintiff addresses the question of which amendment(s) to the Constitution defendant Cunningham

---

[24]     The excerpted portion of Graham states, in pertinent part, that

> *all* claims that law enforcement officers have used excessive force -- deadly or not -- in the course of an arrest, investigatory stop, or other "seizure" of a free citizen should be analyzed under the Fourth Amendment and its "reasonableness" standard, rather than under a "substantive due process" approach. Because the Fourth Amendment provides an explicit textual source of constitutional protection against this sort of physically intrusive governmental conduct, that Amendment, *not the more generalized notion of "substantive due process," must be the guide for analyzing these claims.*

Graham, 490 U.S. at 395, 109 S.Ct. at 1871, 104 L.Ed.2d at 454 (first emphasis in original, second emphasis added).

     Plaintiff's reliance on this portion of Graham suggests that he is asserting a violation of the Fourth Amendment and not the Fourteenth Amendment.

[25]     Plaintiff's Brief at page 5.

violated through his use of excessive force, plaintiff argues
that if plaintiff were "a 'free man' detained on three summary
offenses, the Fourth Amendment protects him" and if he were "in
detention as a parole violator, in custody, then the Eighth
Amendment protects him."

    This particular argument, together with plaintiff's
lengthy quotation of <u>Graham</u>, <u>see</u> footnote 24, <u>supra</u>, suggests
that plaintiff may only be alleging violations of the Fourth and
Eighth Amendments (each of those amendments made applicable to
the states and their political subdivisions through the
Fourteenth Amendment).  However, plaintiff further contends that
he "pleaded the protection of the Fourth, Eighth and Fourteenth
Amendments."[26]

    Accordingly, and despite that ambiguity, I consider
plaintiff to be alleging in his Complaint, and contending in his
brief, that defendant Cunningham used excessive force against
plaintiff on June 4, 2012 in violation of the Fourth, Eight, and
Fourteenth Amendments.

## <u>DISCUSSION</u>

### <u>Section 1983</u>

    Plaintiff's constitutional claims are actionable
against defendants through 42 U.S.C. § 1983.  Section 1983 is an
enabling statute that does not create any substantive rights,

---

[26]        Plaintiff's Brief at page 5.

but provides a remedy for the violation of federal consti-

tutional or statutory rights.  Gruenke v. Seip, 225 F.3d 290,

298 (3d Cir. 2000).  Section 1983 states:

> Every person who, under color of any statute,
> ordinance, regulation, custom, or usage, of any State
> or Territory or the District of Columbia, subjects, or
> causes to be subjected, any citizen of the United
> States or other person within the jurisdiction thereof
> to the deprivation of any rights, privileges or
> immunities secured by the Constitution and laws, shall
> be liable to the party injured in an action at law,
> suit in equity, or other proper proceeding for
> redress.

42 U.S.C. § 1983.

Thus, to state a claim under Section 1983, a plaintiff

must demonstrate that defendant, acting under color of state

law, deprived plaintiff of a federal constitutional or statutory

right.  Parratt v. Taylor, 451 U.S. 527, 535, 101 S.Ct. 1908,

1913, 68 L.Ed.2d 420, 428 (1986); Chainey v. Street,

523 F.3d 200, 219 (3d Cir. 2008) (quoting Kaucher v. County of

Bucks, 455 F.3d 418, 423 (3d Cir. 2006)).

A defendant acts under color of state law when he

exercises power "possessed by virtue of state law and made

possible only because the wrongdoer is clothed with the

authority of state law."  West v. Atkins, 487 U.S. 42, 49, 108

S.Ct. 2250, 2255, 101 L.Ed.2d 40, 49 (1988); Bonenberger v.

Plymouth Township, 132 F.3d 20, 23 (3d Cir. 1997).

Here, neither defendant contends that plaintiff's claims should be dismissed based the absence of sufficient allegations of state action.

### Eighth Amendment

The Eight Amendment "applies only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions." <u>Whitley v. Albers</u>, 475 U.S. 312, 318, 106 S.Ct. 1078, 1083-1084, 89 L.Ed.2d 251, 260 (1986).  In other words, the Eighth Amendment does not apply until "after sentence and conviction." <u>Hubbard v. Taylor</u>, 399 F.3d 150, 166 (3d Cir. 2005)(quoting <u>Graham v. Connor</u>, 490 U.S. 386, 392 n.6, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989)).

Here, plaintiff does not aver (and the facts do not support a reasonable inference) that he was incarcerated at the Fountain Hill police station after having been found guilty of and sentenced for any summary offense, or after having been found to have violated the terms of any previously-imposed term of parole or probation.  Therefore, I grant defendant Cunningham's motion to the extent it seeks to dismiss plaintiff's claim that defendant Cunningham violated plaintiff's rights under the Eighth Amendment.

Generally, a municipality cannot be held liable unless one of its employees is "primarily liable under Section 1983 itself." <u>Williams v. Borough of West Chester</u>, 891 F.2d 458, 467

(3d Cir.1989); see also City of Los Angeles v. Heller, 475 U.S. 796, 106 S.Ct. 1571, 89 L.Ed.2d 806 (1986).

Because plaintiff has not stated a claim for violation of the Eighth Amendment based upon defendant Cunningham's conduct, I also grant, in part, the Borough's motion and dismiss plaintiff's Eighth Amendment claim for municipal liability against defendant Fountain Hill arising from the June 4, 2012 incident involving defendant Cunningham.  Startzell v. City of Philadelphia, 533 F.3d 183, 204 (3d Cir. 2008).

### Fourth and Fourteenth Amendments

Plaintiff alleges that defendant Cunningham's conduct violated the Fourth and Fourteenth Amendments to the United States Constitution, and that defendant Borough of Fountain Hill is subject to municipal liability because the violation of plaintiff's constitutional rights was caused by a Borough policy or custom or by the Borough's failure to adequately train its police officers.

The United States Supreme Court has held that excessive force claims arising out of an arrest, investigatory stop, or other "'seizure' of a free person" are to be analyzed under the Fourth Amendment and its "reasonableness" standard, rather than a "substantive due process" approach under the Fourteenth Amendment.  Graham v. O'Connor, 490 U.S. 386, 395, 109 S.Ct. 1865, 1781, 104 L.Ed.2d 443, 454-455 (1989).

By comparison, "the Due Process Clause [of the Fourteenth Amendment] protects a pretrial detainee from the use of excessive force that amounts to punishment." <u>Graham</u>, 490 U.S. at 395 n.10, 109 S.Ct. at 1871 n.10, 104 L.Ed.2d 455 n.10.

The Supreme Court in <u>Graham</u> expressly declined to resolve the question of "whether the Fourth Amendment continues to provide individuals with protection against the deliberate use of excessive force beyond the point at which arrest ends and pretrial detention begins...." <u>Graham</u>, 490 U.S. at 395 n.10, 109 S.Ct. at 1871 n.10, 104 L.Ed.2d 455 n.10.[27]  Similarly, the United States Court of Appeals for the Third Circuit declined to resolve the question of "where an arrest ends and pretrial detention begins" in <u>United States v. Johnstone</u>, 107 F.3d 200, 205 (3d Cir. 1997).

However, the Third Circuit has noted that "Fourth Amendment seizure principles may in some circumstances have implications in the period between arrest and trial" and has "refer[red] to the Fourth Amendment as applying to those actions which occur between arrest and pre-trial detention." <u>Torres v. McLaughlin</u>, 163 F.3d 169, 174 (3d Cir. 1998).

---

[27]     The Supreme Court had previously defined "pretrial detainees" as "those persons who have been charged with a crime but who have not yet been tried on the charge". <u>Bell v. Wolfish</u>, 441 U.S. 520, 523, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979).

Accordingly, the alleged inapplicability of the Fourth Amendment to plaintiff's excessive force claim in this case is not nearly as clear-cut as defendant Cunningham's memorandum (and his request for summary dismissal) suggests.[28]  Neither defendant Cunningham nor plaintiff, in their respective memorandum and brief, provide a substantial discussion of the nuanced issue of the whether the Fourth or Fourteenth Amendment governs plaintiff's excessive force claim here.

Moreover, additional development of the facts concerning plaintiff's situation at the time of the beating (including, but not limited to, how long plaintiff had been in the police station and whether he had been before a neutral judicial officer for a bail or probable cause determination), together with additional legal argument from the parties, may assist the court with the proper resolution of the dispute concerning which of those two amendments will ultimately govern plaintiff's excessive force claim here.

For those reasons, and because (as explained below) plaintiff's Complaint states a plausible claim under both the standard applicable to the Fourth Amendment and the standard applicable to the Fourteenth Amendment, I deny defendant Cunningham's motion to the extent that it seeks to dismiss

---

[28]        Cunningham Memorandum at pages 4-5.

plaintiff's excessive-force claim under the Fourth and Fourteenth Amendments from Count One of the Complaint.

### Fourth Amendment

A Section 1983 claim for excessive force by a law enforcement officer is based on the Fourth Amendment protection from unreasonable seizures of the person.  Groman v. Township of Manalapan, 47 F.3d 628, 633 (3d Cir. 1995)(citing Graham, 490 U.S. at 394, 109 S.Ct. at 1871, 104 L.Ed.2d at 454 (1989)). The use of excessive force is itself an unlawful seizure under the Fourth Amendment.  Couden, 446 F.3d at 496.

To decide whether the challenged conduct constitutes excessive force, I must determine the objective reasonableness of the challenged conduct.  Graham, 490 U.S. at 397, 109 S.Ct. at 1872, 104 L.Ed.2d at 456; Couden, 446 F.3d at 496.[29]

Here, as noted above, plaintiff alleges that defendant Cunningham subjected him to an unprovoked physical beating in

---

[29]      In making this determination, I must pay careful attention a number of factors, including: (1) the facts and circumstances of each particular case and consider the severity of the crime; (2) whether the suspect poses an immediate threat to the safety of the officers or others; and (3) whether the suspect is actively resisting arrest or attempting to evade arrest by flight.  Graham, 490 U.S. at 396, 109 S.Ct. at 1872, 104 L.Ed.2d at 455; Brown v. Rinehart, 325 Fed.Appx. 47, 50-51 (3d Cir. 2009); Sharrar v. Felsing, 128 F.3d 810, 821 (3d Cir. 1997).

       Other relevant factors include: (1) whether the physical force applied was of such an extent as to lead to injury; (2) the possibility that the persons subject to the police action are themselves violent or dangerous; (3) the duration of the police officers' action; (4) whether the action takes place in the context of effecting an arrest; (5) the possibility that the suspect may be armed;  and (6) the number of persons with whom the police officers must contend at one time.  Estate of Smith v. Marasco, 430 F.3d 140, 150 (3d Cir. 2005); Sharrar, 128 F.3d at 822.

the Fountain Hill police station while plaintiff's hands were handcuffed behind his back.  Taking those factual allegations as true, as I must under the applicable standard of review described above, plaintiff's Complaint states a claim for the use of objectively unreasonable (and, thus, excessive) force by defendant Officer Cunningham.

<u>Fourteenth Amendment</u>

The Third Circuit has explained that the Due Process Clause of the Fourteenth Amendment protects a pre-trial detainee from any punishment before he has been convicted of and sentenced for a crime.  <u>Hubbard v. Taylor</u>, 399 F.3d 150, 166 (3d Cir. 2005).  In other words, punishment before conviction and imposition of sentence offends due process.  <u>See</u> <u>id.</u>

More specifically, "the Due Process Clause [of the Fourteenth Amendment] protects a pretrial detainee from the use of excessive force that amounts to punishment."  <u>Graham</u>, 490 U.S. at 395 n.10, 109 S.Ct. at 1871 n.10, 104 L.Ed.2d 455 n.10.

If the treatment of an individual during pretrial detention is "not reasonably related to a legitimate goal -- if it is arbitrary or purposeless -- a court may permissibly infer that the purpose of the governmental action is punishment...."  <u>Bell v. Wolfish</u>, 441 U.S. 520, 538-539, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979).

Where a pretrial-detainee-plaintiff alleges that he was subjected to excessive force by an officer, the court must examine whether the force complained of "was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Brooks v. Austin, 720 F.Supp.2d 715, 719 (E.D.Pa. 2010)(Rufe, J.)(quoting Hudson v. McMillan, 530 U.S. 1, 6, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992)).

Here, again, the essence of the well-pled facts in plaintiff's Complaint is that defendant Officer Cunningham delivered an unprovoked physical beating upon plaintiff while plaintiff was handcuffed in a police-station holding cell after plaintiff was arrested for several summary offenses. Plaintiff's factual averments describe actions by defendant Cunningham which could be found to have been taken maliciously and sadistically for the purpose of causing harm -- that is, for the purpose of inflicting punishment upon plaintiff.

Therefore, plaintiff's Complaint states a plausible claim for excessive force against defendant Cunningham if the Fourteenth Amendment ultimately governs in light of the factual record developed during discovery.

Accordingly, I deny defendant Cunningham's motion to the extent it seeks dismissal of plaintiff's excessive force

claim asserted under the Fourth and Fourteenth Amendment in Count One of the Complaint.

## Municipal Liability

Plaintiff contends that defendant Borough of Fountain Hill is subject to municipal liability for the constitutional violations inflicted by defendant Cunningham because defendant Cunningham was acting pursuant to an official policy or municipal custom at the time, or because Officer Cunningham's actions were caused by the Borough's failure to adequately train its police officers.

"[M]unicipalities and other local government units [are] included among those persons to whom § 1983 applies." Monell v. Department of Social Services of City of New York, 436 U.S. 658, 690, 98 S.Ct. 2018, 2035, 56 L.Ed.2d 611, 635 (1978). However, "a municipality cannot be held liable under § 1983 on a respondeat superior theory." Monell, 436 U.S. at 691, 98 S.Ct. at 2036, 56 L.Ed.2d at 636.

"Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Monell, 436 U.S. at 694, 98 S.Ct. at 2037-2038, 56 L.Ed.2d at 638.

*Policy or Custom*

To establish a Monell claim against the Borough of Fountain Hill under section 1983 based upon a policy or custom, plaintiff must show "(1) the existence of a custom or policy of the municipality and (2) that the municipality's employees violated the plaintiff's civil rights while acting pursuant to this custom or policy." Winslow v. The Borough of Malvern Pennsylvania, 2009 WL 4609590, at *6 (E.D.Pa. December 7, 2009)(DuBois, J.)(citing Monell, supra.)

The municipal policy or custom must be the "moving force" behind the constitutional violation such that there is a direct link between the municipal policy or custom and the deprivation of constitutional rights. Sullivan v. Warminster Township, 765 F.Supp.2d 687, 703 (E.D.Pa. 2011)(Surrick,J.) (quoting Board of County Commissioners of Bryan County, Oklahoma v. Brown, 520 U.S. 397, 404, 117 S.Ct. 1382, 1388, 137 L.Ed.2d 626, 639 (1997)).

The Third Circuit has explained the difference between a policy and a custom for purposes of Monell claims. "Policy is made when 'a decisionmaker possess[ing] final authority to establish a municipal policy with respect to the action' issues an official proclamation, policy, or edict." McTernan v. City of York, 564 F.3d 636, 658 (3d Cir. 2009)(quoting Andrews v. City of Philadelphia, 895 F.2d 1469, 1480 (3d Cir. 1990)).

-24-

"A course of conduct is considered to be a 'custom' when, though not authorized by law, 'such practices of state officials [are] so permanently and well-settled' as to virtually constitute law." McTernan, 564 F.3d at 658 (quoting Andrews, 895 F.2d at 1480 (3d Cir. 1990)). "Custom requires proof of knowledge and acquiescence by the decisionmaker." Id.

Where a plaintiff's factual allegations suggest a pattern of similar incidents and an inadequate response to those incidents by the municipality, those facts demonstrate the plausible existence of a municipal custom through acquiescence. See Beck v. City of Pittsburgh, 89 F.3d 966, 972 (3d Cir. 1996).

*Failure to Train*

The United States Supreme Court has stated that, "[i]n limited circumstances, a local government's decision not to train certain employees about their legal duty to avoid violating citizens' rights may rise to the level of an official government policy for purposes of § 1983." Connick v. Thompson, 131 S.Ct. 1350, 1359, 179 L.Ed.2d 417 (2011). However, "[a] municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train." Id.

A municipality's failure to adequately train its officers and employees gives rise to a cause of action under Section 1983 if the deficient training reflects a deliberate indifference to an individual's civil rights and is "closely

-25-

related to the ultimate injury."[30]  Kline ex rel Arndt v.
Mansfield, 255 Fed.Appx. 624, 629 (3d Cir. 2007)(citing
City of Canton v. Harris, 489 U.S. 378, 388, 109 S.Ct. 1197,
1206, 103 L.Ed.2d 412, 428 (1989)).

The Third Circuit has noted that establishing
municipal liability on a Monell claim for inadequate training is
difficult.  Reitz v. County of Bucks, 125 F.3d 139, 145 (3d Cir.
1997).  Generally, deficient training can only amount to the
requisite deliberate indifference "where the failure to train
has caused a pattern of violations."  Berg v. County of
Allegheny, 219 F.3d 261, 276 (3d Cir. 2000).[31]

A plaintiff seeking to assert a failure-to-train claim
under section 1983 must "identify a failure to provide specific
training that has a causal nexus with their injuries" and
"demonstrate that the absence of that specific training can

---

[30]      Mere proof that an injury could have been avoided if the
municipal officer or employee "had better or more training is not enough to
show municipal liability" under a "failure to train" Monell claim.  Kline,
255 Fed.Appx. at 629 (citing Harris, 489 U.S. at 391, 109 S.Ct. at 1205,
103 L.Ed.2d at 427-428).  Instead, plaintiff must show that the training
deficiency was the actual cause of the violation of plaintiff's civil rights.
Harris, 489 U.S. at 390, 109 S.Ct. at 1205, 103 L.Ed.2d at 427-428;
Wolosyzn v. County of Lawrence, 396 F.3d 314, 325 (3d Cir. 2005).

[31]      However, an exception exists and a "failure to train" Monell
claim may proceed absent a pattern of violations only where (1) "a violation
of federal rights may be a highly predictable consequence of a failure to
equip law enforcement officers with specific tools [or skills] to handle
recurrent situations," and (2) the likelihood of recurrence and
predictability of the violation of a citizen's rights "could justify a
finding that [the] policymakers' decision not to train an officer reflected
'deliberate indifference' to the obvious consequence of the policymakers'
choice – namely, a violation of a specific constitutional or statutory
right."  Kline, 255 Fed.Appx. at 629 (quoting Board of County Commissioners
of Bryan County v. Brown, 520 U.S. 397, 409, 117 S.Ct. 1382, 1391
137 L.Ed.2d 626, 642 (1997)).

reasonably be said to reflect a deliberate indifference" to the plaintiff's constitutional rights allegedly caused by the failure to train.  <u>Reitz v. County of Bucks</u>, 125 F.3d 139, 145 (3d Cir. 1997).

<em>Plaintiff's Complaint</em>

Plaintiff's claim against defendant Borough of Fountain Hill, after incorporating by reference averments concerning the June 4, 2012 beating, rests upon the following averments in plaintiff's Complaint:

> 18.  At all relevant times the Defendant, Borough of Fountain Hill, had actual knowledge that Defendant, Cunningham was not a candidate for police officer because of his propensity to use excessive force against others, and otherwise abused his authority as a police officer.

> 19.  At all times herein relevant Defendant, Borough of Fountain Hill, intentionally, purposefully and knowingly had a policy, practice, regulation or custom of covering up Officer Cunningham's abuse of authority as a police officer.

> 20.  At all times herein relevant, the policy of the Defendant, Borough of Fountain Hill, practice, regulation or custom caused Plaintiff to be subjected to arrest and physical abuse by Defendant, Cunningham.

> 21.  The Defendant, Borough of Fountain Hill had actual notice prior to June 4, 2012, that Defendant, Cunningham, was a rogue officer who could not be trusted.

> 22.  As a direct and proximate cause of the Borough of Fountain Hill's policy, practice, regulation or custom and its police officers' actions in accordance therewith, Plaintiff's issue (sic) was subjected to constitutional deprivations of his right to be free from unlawful arrest, search and seizure and his

rights to bodily integrity, body security and liberty as set forth above, in an amount to be determined.

23.   The Defendant, Borough of Fountain Hill failed to use adequate training before June 4, 2012, or adequate discipline for prior derelictions of duty by defendant Cunningham, thereby ratifying and condoning and condoning (sic) and implicitly encouraging it.

24.   As a direct and proximate result of being beaten, Plaintiff suffered damages due to severe and permanent mental pain and suffering, anxiety, anguish, distress, stress, sleeplessness, humiliation, [and] loss of reputation in an amount to be determined.

25.   As a result of the incident, defendant has scarring on his body.[32]

When read together and accepted as true, as I am required to do under the applicable standard of review, plaintiff's averments in his Complaint allege that the Borough (but no identified decisionmaker(s)) knew that Officer Cunningham had a propensity to use excessive force and to otherwise abuse his authority,[33] "cover[red] up Officer Cunningham's abuse of authority as a police officer",[34] and failed to use "adequate discipline for prior derelictions of duty by [Officer] Cunningham".[35]   These averments combine to support a plausible inference that Officer Cunningham previously used excessive force against third persons and that the

---

[32]       Complaint at ¶¶ 18-25.

[33]       Id. at ¶ 18.

[34]       Id. at ¶ 19.

[35]       Id. at ¶ 23.

Borough's well-settled response was to cover up such conduct and
to take no disciplinary action, thereby implicitly condoning the
conduct.

In other words, plaintiff's factual allegations
(though not pled with a high degree of specificity) allege a
pattern of similar incidents (excessive use of force by Office
Cunningham) and an inadequate response by the Borough (covering
up those incidents and not imposing discipline).  See Beck,
89 F.3d at 972.

Accordingly, to the extent plaintiff's claim of
municipal liability is based upon the Borough's alleged custom
of covering up defendant Cunningham's prior uses of excessive
force, plaintiff has stated such a claim.  Therefore, I deny
defendant Borough's motion in that respect.

However, to the extent that plaintiff seeks to state a
claim for municipal liability based upon an official Borough
policy to "cover up" incidents involving the use of excessive
force by its police officers, I conclude that plaintiff has not
plausibly pled such a claim because plaintiff's has not pled any
facts concerning either the "municipal decisionmaker
possess[ing] final authority to establish a municipal policy"
with respect to the use of force by Borough police officers who
issued the official cover-up policy, or when and in what forum

that "official proclamation, policy, or edict" was issued.
McTernan, 564 F.3d at 658.

Absent any such factual support, I cannot conclude
that plaintiff states a plausible policy-based claim against
defendant Borough arising from an *official policy to cover up
instances of excessive force* committed by defendant Officer
Cunningham, or police officers generally, which was adopted or
issued by a Borough decisionmaker. Therefore, to the extent
plaintiff seeks to assert municipal liability based upon such
official policy, he has not sufficiently stated that claim and I
grant defendant Borough's motion in that respect.

Additionally, plaintiff seeks to impose municipal
liability upon defendant Borough based upon its alleged failure
to adequately train its police officers.

In support of his failure-to-train claim, plaintiff
relies upon the June 4, 2012 unprovoked beating he received from
Officer Cunningham together with the existence of prior
incidents involving the use of excessive force by Officer
Cunningham that were covered up and for which Officer Cunningham
was not disciplined.

As discussed above, the factual averments in
plaintiff's Complaint state a plausible custom-based claim for
municipal liability. Nevertheless, plaintiff has not

sufficiently pled a claim for municipal liability against defendant Borough based upon a failure-to-train theory.

Specifically, plaintiff has not "identif[ied] a failure to provide specific training", Reitz, 125 F.3d at 145, but rather has asserted in a general and conclusory fashion that the Borough "failed to use adequate training" prior to the June 4, 2012 incident.  Moreover, because he has not provided any additional factual information concerning the prior excessive-force incidents involving Officer Cunningham (although the existence of such incidents can be reasonably inferred from plaintiff's Complaint), plaintiff has failed to "demonstrate that the absence of that specific training can reasonably be said to reflect a deliberate indifference" to the plaintiff's constitutional rights.  Id.

Accordingly, I grant defendant Borough of Fountain Hill's motion to dismiss to the extent that it seeks to dismiss plaintiff's failure-to-train claim for municipal liability against the Borough in Count Two of the Complaint.

In sum, I grant defendant Borough's motion in part and dismiss plaintiff's claim in Count Two to the extent the claim is based upon official-policy and failure-to-train theories of liability.  However, I deny defendant Borough's motion to dismiss plaintiff's claim in Count Two to the extent the claim is based upon a municipal-custom theory.

-31-

## <u>CONCLUSION</u>

For the reasons expressed above, I grant in part and deny in part both the Cunningham Motion to Dismiss and the Fountain Hill Motion to Dismiss.

I grant the Cunningham Motion to Dismiss to the extent that it seeks to dismiss plaintiff's Eighth Amendment claim asserted pursuant to section 1983 because plaintiff was not a convicted and sentenced prisoner at the time of the incident. However, I deny defendant Cunningham's motion in all other respects because plaintiff has stated a plausible excessive-force claim under either the Fourth or Fourteenth Amendment.

I grant the Fountain Hill Motion to Dismiss to the extent it seeks to dismiss plaintiff's claim of municipal liability against defendant Borough of Fountain Hill pursuant to section 1983 under an official-policy or failure-to-train theory because plaintiff has not pled sufficient facts to support a plausible claim under either of those theories.  However, I deny the Fountain Hill Motion to Dismiss to the extent it seeks to dismiss plaintiff's claim of municipal liability under a municipal custom theory because plaintiff has pled sufficient facts to state plausible claim under that theory.

Plaintiff is granted leave to amend his Complaint to remedy the deficiencies identified in this Opinion.